BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and
Recovery Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    United States Courthouse, 11th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569
    Facsimile: (213) 894-6269
    E-mail:    Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00412-FMO-1 |
|---|---|
| Plaintiff, | **PLAINTIFF UNITED STATES OF AMERICA'S APPLICATION FOR A FINAL ORDER OF FORFEITURE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF VICTOR A. RODGERS; [PROPOSED] FINAL ORDER OF FORFEITURE LODGED UNDER SEPARATE COVER** |
| v. | |
| DAVID MICHAEL JENSEN, | |
| Defendant. | |
| | [NO HEARING REQUESTED] |

Plaintiff United States of America ("the government") hereby applies pursuant to Fed. R. Crim. P. 32.2(c)(2) for a final order of forfeiture. The Court previously entered a preliminary order of forfeiture that forfeited the interests of defendant David Michael Jensen ("defendant") in the property listed in the preliminary order of forfeiture and became final as to defendant at defendant's

sentencing hearing.  Accordingly, defendant can no longer contest the forfeiture of defendant's interests in the property.

However, an order of forfeiture as to property does not become final as to third parties until third party ancillary proceedings have been concluded.  As the time to initiate third party ancillary proceedings has passed without any third party having commenced any ancillary proceedings (except for one petition for a third party ancillary proceeding that was filed but has now been withdrawn), the government is now applying for a final order of forfeiture to pass clear title to the property to the government.  Defendant has no standing to object to the forfeiture of third party interests in the property.  See Fed. R. Crim. P. 32.2(c)(2).

This application is based upon the attached Memorandum of Points and Authorities and Declaration of Victor A. Rodgers; the [Proposed] Final Order Of Forfeiture, lodged concurrently herewith under separate cover; all pleadings and papers on file in this action; and such other and further maters of which the Court may take notice.

Dated: April 2, 2025                    Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery
Section


/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney
Asset Forfeiture and Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff United States of America ("the government" or "the United States") respectfully submits this memorandum of points and authorities in support of its application for a final order of forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2).  The Court previously entered a preliminary order of forfeiture that forfeited the interests of defendant David Michael Jensen ("defendant") in the property listed in the preliminary order of forfeiture and became final as to defendant at defendant's sentencing hearing.  See Docket Nos. 435 (preliminary order of forfeiture) and 634 (judgment and commitment order).  Accordingly, defendant can no longer contest the forfeiture of defendant's interests in the property.

However, an order of forfeiture as to property does not become final as to third parties until third party ancillary proceedings have been concluded.  As the time to initiate third party ancillary proceedings has passed without any third party having commenced any ancillary proceedings (except for one petition for a third party ancillary proceeding that was filed but has now been withdrawn), the government is now applying for a final order of forfeiture to pass clear title to the property to the government.  Defendant has no standing to object to the forfeiture of third party interests in the property.  See Fed. R. Crim. P. 32.2(c)(2).

/ / /

/ / /

/ / /

/ / /

1

## II.

### THE COURT'S JULY 26, 2021 PRELIMINARY ORDER OF FORFEITURE FORFEITING DEFENDANT'S INTEREST IN THE SPECIFIC PROPERTY LISTED THEREIN.

On July 26, 2021, the Court entered a preliminary order of forfeiture, pursuant to which the Court forfeited to the United States all of defendant's interest in the following property (hereinafter collectively referred to as the "Forfeitable Property"):

i.   approximately $8,488,673.61 in funds seized from a Bank of the West account with the last four digits ending in 6710;

ii.  approximately $700,000.00 in funds seized from a Friendly Hills Bank account with the last four digits ending in 6648;

iii. approximately $500,000.00 in funds seized from a Bank of the West account with the last four digits ending in 3294; and

iv.  approximately $271,121.45 in funds seized from a Friendly Hills Bank account with the last four digits ending in 6655.

Docket No. 435 (Preliminary Order of Forfeiture at 1:25-2:13).[1] Because the preliminary order of forfeiture became final as to defendant at defendant's sentencing hearing defendant has no right to contest the forfeiture of defendant's interests in the Forfeitable Property.[2]

---

[1] Page and line citations are in the following format: "(page number: (line number)."

[2] See Fed. R. Crim. P. 32.2(b)(4)(A) ("At sentencing-or at any time before sentencing if the defendant consents-the preliminary order of forfeiture becomes final as to the defendant").

However, before the United States can acquire clear title to the Forfeitable Property as against any third parties who might claim an interest therein, the government must notify such third parties that they are entitled to commence what is known as "third party ancillary proceedings" by petitioning the Court for a judicial hearing adjudicating the validity of any interest the third parties may have with respect to the Forfeitable Property.  See 21 U.S.C. § 853(n)(1) & (2) and Fed. R. Crim. P. 32.2(c)(1).  Defendant has no standing to object to the forfeiture of third party interests in the Forfeitable Property.  See Fed. R. Crim. P. 32.2(c)(2).

## III.

### THE GOVERNMENT HAS PROPERLY NOTIFIED THIRD PARTIES OF THEIR RIGHT TO INITIATE THIRD PARTY ANCILLARY PROCEEDINGS.

Except with respect to those entities that have waived their right to contest and agreed to the forfeiture of the Forfeitable Property,[3] the government has provided notifications advising third parties who might claim to have an interest in the Forfeitable Property of their right to file and the deadline for filing a petition with the Court to adjudicate the third person's interest in the Forfeitable Property.  Rodgers Decl. ¶ 4.  See also Fed. R. Crim. P. 32.2(b)(6)(A) ("If the court orders the forfeiture of specific property, the government must . . . send notice to any person who reasonably appears to be a potential claimant with standing to

---

[3] The entities are Valley View Drugs, Inc., the company in whose name the bank accounts in item i. and ii. of the Forfeitable Property are held, and Pro-Med Marketing, LLC, the entity in whose name the bank accounts in items iii. and iv. of the Forfeitable Property are held.  Those entities have entered into waivers and releases of their right to contest forfeiture of the Forfeitable Property and agreed to the forfeiture of the Forfeitable Property without any further notice.  Docket No. 209 (amended plea agreement exhibits C and D at 41:1-44:15).

3

contest the forfeiture in the ancillary proceeding") and Docket No. 435 (Preliminary Order of Forfeiture at 3:26-4:25).  The details of the notifications are set forth below.

On January 24, 2025 and January 29, 2025, the government sent by certified mail/return receipt requested personal notice letters to persons or entities who might reasonably appear to be potential claimants with standing to contest the forfeiture of the Forfeitable Property in the third party ancillary proceedings. Rodgers Decl. ¶¶ 4 and 5 and Exs. A (list of entities) and B-H (copies of the letters to the entities and proof of the entities' receipt thereof).  In the January 24, 2025 and January 29, 2025, notice letters, the government advised that the third parties were required to file, within the earlier of thirty days of their receipt of the personal notice letter or the government's last date of internet publication of the forfeiture information, the third party's petition to adjudicate the third party's interest in the Forfeitable Property.  Rodgers Decl. ¶¶ 4 and 5 and Exs B-H.  See also 21 U.S.C. § 853(n)(2).  In addition to the January 24, 2025 and January 29, 2025 personal notice letters, the government also provided notice to third parties by publishing on an official government internet website (i.e., www.forfeiture.gov) for thirty consecutive days, beginning on January 24, 2025 and ending on February 22, 2025, a notice advising that any third parties claiming an interest in the Forfeitable Property were required to file their petitions within 60 days of the first date (i.e., January 24, 2025) of publication of the notice (i.e., a March 25, 2025 deadline).  Rodgers Decl. ¶ 3 and Docket No. 654.[4]

---

[4] See also Fed. R. Crim. P. 32.2(b)(6)(C) (authorizing internet publication of criminal forfeitures in the manner set forth in Rule
*(footnote cont'd on next page)*

4

Based upon the information set forth above and pursuant to 21 U.S.C. § 853(n)(1) and (2), the deadlines for filing third party petitions expired between February 26 and March 5, 2025 (for the third parties served with a notice letter) and March 25, 2025 (for third parties receiving only internet notice) as follows:

(a)  the deadline as to third parties receiving the personal notice letters for filing third party petitions with the Court was the earlier of thirty days from (i) the third party's receipt of direct notice via the government's personal notice letters (i.e., deadlines between February 26 and March 5, 2025 [Rodgers Decl. ¶ 6 and Ex. A]); and (ii) the government's February 22, 2025 final publication of its internet notice (i.e., a March 24, 2025 deadline [Rodgers Decl. ¶ 3]); and

(b)  the deadline as to other third parties (i.e., those that were not served with a notice letter but were instead notified via the internet notice) for filing petitions with the Court was, as mentioned above, within 60 days of the first date (i.e., January 24, 2025) of publication of the notice (i.e., a March 25, 2025 deadline [Rodgers Decl. ¶ 3]).

The deadlines have passed, and the PACER docket in this case does not reflect any third-party petitions having been filed with the Court,

_____

G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions [the "Supplemental Rules"]) and docket no. 435 (preliminary order of forfeiture 4:6-21).

except for one third-party petition that was withdrawn.  Rodgers Decl. ¶ 7.[5]

**IV.**

**BECAUSE NO THIRD PAARTY PETITIONS HAVE BEEN
FILED EXCEPT FOR ONE PETITION THAT HAS NOW
BEEN WITHDRAWN, A FINAL ORDER OF FORFEITURE
SHOULD BE ENTERED, FORFEITING ALL INTERESTS
IN THE FORFEITABLE PROPERTY TO THE GOVERNMENT.**

Because no third party petitions, except for a petition that has been withdrawn, have been filed, the third party ancillary proceedings in this case have now ended.  Accordingly, a final order of forfeiture forfeiting all interests and granting clear title as against all third parties in the Forfeitable Property to the government should be entered.  Fed. R. Crim. P. 32.2(c)(2) provides:

> **(2) Entering a Final Order.**  When the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights.  If no third party files a timely petition, the preliminary order of forfeiture becomes the final order of forfeiture if the court finds that the defendant (or any combination of defendants convicted in the case) had an interest in the property that is forfeitable under the applicable statute.

In determining whether one or more defendants convicted in the criminal case had an interest in the property that is forfeitable under the applicable statute, "the court may rely upon reasonable inferences.  For example, the fact that the defendant used the property in committing the crime and no third party claimed an interest in the property may give rise to the inference that the

---

[5] The docket reflects that a petition for a third party judicial ancillary proceeding, pursuant to a letter dated February 26, 2025, was filed by victim Tricare, Defense Health Agency on March 3, 2025. Docket No. 653.  However, by letter dated March 12, 2025 to the Court, Tricare, Defense Health Agency withdrew its March 3, 2025 petition and, like other victims, has instead submitted an administrative petition for remission seeking to recover their losses from the Forfeitable Property in the administrative rather than the judicial proceedings.  Rodgers Decl. ¶ 7 and Ex. I.

defendant had a forfeitable interest in the property." See Advisory Committee Notes to Fed. R. Crim. P. 32.2 (2000).

The evidence in this case shows that defendant had an interest in the Forfeitable Property that is forfeitable under the applicable statute. Defendant was convicted under Count One of the amended first superseding information, which charged defendant with violating 18 U.S.C. §§ 371 and 1347 and 42 U.S.C. § 1320a-7b(b) (conspiracy to commit health care fraud and receipt and payment of renumeration in connection with federal health care programs) (see docket nos. 208 [amended first superseding information] and 634 [judgment and commitment order]). Accordingly, the Forfeitable Property is subject to forfeiture under the applicable statutes.[6]

Furthermore, no third party has filed a petition claiming an interest in the Forfeitable Property. Therefore, entry of the final order of forfeiture submitted herewith is appropriate because the evidence is sufficient to support a reasonable inference and court finding that defendant had an interest in the Forfeitable Property that is forfeitable under the applicable statutes.

/ / /

---

[6] The Forfeitable Property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7) (providing for the criminal forfeiture of proceeds of the commission of, or a conspiracy to commit, a Federal Health Care offense, which is defined in 18 U.S.C. § 24 to include 18 U.S.C. § 1347 and 42 U.S.C. § 1320a-7b offenses); and pursuant to 18 U.S.C. § 981(a)(1)(C) ([providing for civil forfeiture of proceeds of, or a conspiracy to commit a specified unlawful activity which is defined in 18 U.S.C. §§ 1956(c)(7)(F) to include a Federal Health Care offense, which in turn is defined in 18 U.S.C. § 24 to include 18 U.S.C. § 1347 and 42 U.S.C. § 1320a-7b offenses] and 28 U.S.C. § 2461(c) [providing for criminal forfeiture whenever civil forfeiture is authorized]). Accord, docket no. 209 (amended plea agreement) at 3:8-4:7; see also id. at 5:9-11.

## V.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant this application and enter the Final Order of Forfeiture, lodged contemporaneously herewith.

Dated: April 2, 2025                    Respectfully submitted,

                                        BILAL A. ESSAYLI
                                        United States Attorney
                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
                                        Chief, Criminal Division
                                        JONATHAN GALATZAN
                                        Assistant United States Attorney
                                        Chief, Asset Forfeiture and Recovery
                                        Section


                                        /s/ Victor A. Rodgers
                                        VICTOR A. RODGERS
                                        Assistant United States Attorney
                                        Asset Forfeiture and Recovery Section

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

8

## DECLARATION OF VICTOR A. RODGERS CONCERNING

## COMPLIANCE WITH INTERNET PUBLICATION

## AND NOTICE TO THIRD PARTIES

I, Victor A. Rodgers, declare and state as follows:

1.    I am an Assistant United States Attorney in the Office of the United States Attorney for the Central District of California in Los Angeles, California.  After reviewing plaintiff United States of America's files and records in this case, I am informed and believe and therefore state the following.

2.    On July 26, 2021, the Court entered a preliminary order of forfeiture as to Defendant, and authorized the government to commence the process of notifying third parties of the forfeiture of the Forfeitable Property.  Docket No. 435 (preliminary order of forfeiture 3:26-4:25).

3.    Notice of the forfeiture of the Forfeitable Property was posted on an official government internet website (i.e., www.forfeiture.gov) for at least 30 consecutive days, beginning on January 24, 2025 and ending on February 22, 2025.  See Docket No. 654 (Declaration of Publication).  The notice advises that any third parties claiming an interest in the Forfeitable Property were required to file their petitions within 60 days of the first date (i.e., January 24, 2025) of publication of the notice (i.e., a March 25, 2025 deadline).  In addition, the notice satisfies the requirements of 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6).

4.    Except with respect to those entities that have waived their right to contest and agreed to the forfeiture of the

9

Forfeitable Property,[7] government has provided notifications advising third parties who might claim to have an interest in the Forfeitable Property of their right to file and the deadline for filing a petition with the Court to adjudicate the third person's interest in the Forfeitable Property.  More specifically, on January 24, 2025 and January 29, 2025, the government sent by certified mail/return receipt requested personal notice letters to the entities, listed in Exhibit A hereto, who might reasonably appear to be potential claimants with standing to contest the forfeiture of the Forfeitable Property in the third party ancillary proceedings.  In the January 24, 2025 and January 29, 2025 notice letters, the government advised that the third parties were required to file, within the earlier of thirty days of their receipt of the personal notice letter or the government's last date of internet publication of the forfeiture information, the third party's petition to adjudicate the third party's interest in the Forfeitable Property.

5.    Attached hereto as Exhibits B through H are the January 24 and 29, 2025 letters sent to the entities and proof of the entities' receipt of those letters (i.e., signed return receipts or USPS tracking records reflecting delivery) as follows: Exhibits B (Anthem Blue Cross), C (Federal Employees Health Benefit Program, Office of Personnel Management), D (Medicare), E (Tricare, Defense Health Agency), F (US Department of Labor, Office of Workers Compensation

---

[7] The entities are Valley View Drugs, Inc., the company in whose name the bank accounts in item i. and ii. of the Forfeitable Property are held, and Pro-Med Marketing, LLC, the entity in whose name the bank accounts in items iii. and iv. of the Forfeitable Property are held.  Those entities have entered into waivers and releases of their right to contest forfeiture of the Forfeitable Property and agreed to the judicial forfeiture of the Forfeitable Property without any further notice.  Docket No. 209 (amended plea agreement exhibits C and D at 41:1-44:15).

10

Program), G (US Department of Veterans Affairs, Office of Inspector General) and H (State of California, Department of Justice, Bureau of Medi-Cal Fraud and Elder Abuse).

6.    Based upon the information set forth in Paragraphs 3 and 4 above and pursuant to 21 U.S.C. § 853(n)(1) and (2), the deadlines for filing third party petitions expired between February 26 and March 5, 2025 (for the third parties served with a notice letter) and March 25, 2025 (for third parties receiving only internet notice) as follows:

(a)  the deadline as to third parties receiving the personal notice letters for filing third party petitions with the Court was the earlier of thirty days from (i) the third party's receipt of direct notice via the government's personal notice letters (i.e., deadlines between February 26 and March 5, 2025, as reflected on Exhibit A); and (ii) the government's February 22, 2025 final publication of its internet notice (i.e., a March 24, 2025 deadline); and

(b)  the deadline as to other third parties (i.e., those that were not served with a notice letter but were instead notified via the internet notice) for filing petitions with the Court was, as mentioned above, within 60 days of the first date (i.e., January 24, 2025) of publication of the notice (i.e., a March 25, 2025 deadline).

7.    The deadlines have passed, and the PACER docket in this case does not reflect any third-party petitions having been filed

11

with the Court, except for one petition that has since been withdrawn.[8]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 2, 2025 at Los Angeles, California.

/s/ Victor A. Rodgers
Victor A. Rodgers

---

[8] The docket reflects that a petition for a third party judicial ancillary proceeding, pursuant to a letter dated February 26, 2025, was filed by victim Tricare, Defense Health Agency on March 3, 2025. Docket No. 653.  However, by letter dated March 12, 2025 to the Court, Tricare, Defense Health Agency withdrew its March 3, 2025 petition and, like other victims, has instead submitted an administrative petition for remission seeking to recover their losses from the Forfeitable Property in the administrative rather than the judicial proceedings.  A true and correct copy of the March 12, 2025 withdrawal letter is attached hereto as Exhibit I.

12